# Daniel L. Wells *et al.*

### *v.*

# Hiram Sandford *et al.*

FRAUDULENT CONVEYANCE—*under attachment law.* An assignment of a party's property to a receiver appointed by decree of the circuit court, in a case where the court has jurisdiction of the subject matter, and of the parties to the suit, is not a fraudulent disposal of property, within the meaning of the attachment law, and affords no ground for attaching the property so transferred.

APPEAL from the Circuit Court of Edgar county; the Hon. Oliver L. Davis, Judge, presiding.

Messrs. Sellors & Dole, and Mr. E. Mariner, for the appellants.

Mr. Jos. E. Dyas, and Mr. A. J. Gallagher, for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was assumpsit, in the Edgar circuit court, by Daniel L. Wells and others, as partners doing business under the firm name of Wells, French & Co., plaintiffs, and against Hiram Sandford and others, as partners doing business under the firm name of H. Sandford & Co., on an alleged indebtedness of eighteen thousand dollars. On proper affidavit made by plaintiffs, a writ of attachment was sued out in aid, and levied upon certain real estate of Sandford. In this affidavit, it was alleged that, within six months prior to the commencement of the suit, the defendants and each of them had fraudulently disposed of his property so as to hinder and delay his creditors. Sandford filed his plea in abatement traversing this allegation, and issue thereon.

The only proof offered by plaintiffs to sustain the issue on their part, was the transcript of the record of certain proceedings on the equity side of the Vermilion circuit court, in which the defendants, Sandford and the others named, had,

as complainants, exhibited their bill of complaint against Lake, Woodworth and others, alleged to be co-partners with complainants, and the Paris and Danville Railroad Company, as defendants, in which the various transactions of the parties and their indebtedness were alleged, and suggesting the appointment of a receiver to manage the property, and to be disposed of, under the order of the court.

A decree passed, appointing a receiver, to whom was assigned the property of the defendants, and it is this assignment which is claimed to be fraudulent and void as tending to delay and hinder the creditors. The receiver thus appointed, had received the individual and personal property of the members of the firm, and the real property of some of the defendants, and was in the execution of the decree. The only question is, was this transfer, so made under the decree of a court of competent jurisdiction, such a transfer as is embraced in the act entitled "Frauds and Perjuries," ch. 59, R. S. 1874.

We are of opinion it is not. It may be, as alleged by appellants. it was improper for the circuit court of Vermilion so to decree as to place this property in the hands of a receiver, and under his exclusive control, yet the court had complete jurisdiction of the subject and of the parties, and there has been no appeal from the decree, and it must stand, however much creditors may be delayed or hindered thereby. The statute was not aimed at proceedings of this nature. This is manifest from an inspection of the provisions of the act.

As the attachment was sued out on the allegation of a fraudulent disposal by the defendants, and they showing the disposal they had made of it was under a decree of a court of chancery having full jurisdiction, the issue was properly found in their favor. Property thus transferred is not subject to attachment or garnishment. *Kimball, for the use, etc.* v. *Mulhern et al.* 15 Ill. 205.

Perceiving no error in the record, the judgment must be affirmed.

*Judgment affirmed.*